IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**WILLIAM S. COOK, JR.**                                             **PLAINTIFF**

**v.**                              **CASE NO. 3:26-cv-00134-BSM**

**JACOB WRIGHT,** *et al*                                        **DEFENDANTS**

**ORDER**

William Cook's motion to proceed *in forma pauperis* [Doc. No. 1] is granted. *See*

*Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982) (per curiam) (complaint can

be filed if plaintiff qualifies by economic status under 28 U.S.C. § 1915(a)).  For the reasons

stated below, Cook's individual-capacity excessive-force and failure-to-intervene claims

against Officer Jacob Wright and Officer Bradley will be served after he provides their

mailing addresses, the rest of his claims are dismissed. *See* 28 U.S.C. §1915(e)(2)(B).

Cook is suing Wright and Detention Officer Bradley in their individual and official

capacities and Craighead County under 42 U.S.C. § 1983 seeking damages for a variety of

constitutional violations. Doc. No. 2. While Cook's complaint offers very little descriptive

narrative, when considered along with the public record of his arrest, his claims can be

parsed.

On May 17, 2025, Wright arrested Cook.  Doc. No. 2. Cook maintains that Wright had

no reason to detain or arrest him, fabricated evidence in support of probable cause, and used

excessive force during the arrest.  *Id*. at 2.  Cook states that, despite not resisting and having

already been restrained, Wright used pepper spray and lifted him up during his arrest. *Id*. at

2–3. Cook says the force caused him acute pain and respiratory distress. *Id*. at 3. Cook maintains that he told Wright that he had a pre-existing spinal injury and needed medical attention but was denied care. *Id*. Cook states that Bradley witnessed Wright's actions and heard his request for medical help and failed to intervene. *Id*. A public records search confirms that Cook was arrested on May 17, 2025, and charged in Jonesboro District Court with tampering with evidence and possession of an instrument of a crime. *See State v. Cook*, JOS-25-1368 (Craighead/Jonesboro) (Docket Sheet). He pleaded guilty to those charges on May 19, 2025, and was fined, ordered to pay costs, and given a thirty day suspended jail sentence with six months' probation. *Id*. Although Cook appealed his sentence to Craighead Circuit Court, his convictions were affirmed when he failed to appear at the scheduled hearing. *See State v. Cook*, 16JCR-25-568 (Craighead County) (Docket Sheet). He is now suggesting that his plea was coerced.

Cook's damages claims challenging the validity of this stop and arrest are barred under *Heck v. Humphrey*, 512 U.S. 477 (1994) because nothing indicates that his convictions have been reversed, expunged, declared invalid, or questioned, and success in this lawsuit on those claims would imply the invalidity of his conviction. And, to the extent he is challenging the validity of his guilty plea, he cannot do so in this 42 U.S.C. § 1983 action. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). That leaves his allegations surrounding Officer Wright's use of force and Officer Bradley's failure to intervene.

Cook's official capacity claims are dismissed because such claims are essentially claims against their employer. To bring those claims, Cook must show the officers violated

his rights pursuant to an official policy or custom of the City or County (it is unclear whether they are city or county officers), or that he acted with deliberate indifference, or that the City or County failed to train or supervise the official who violated his rights. *Corwin v. City of Independence, Missouri*, 829 F.3d 695, 699 (8th Cir. 2016) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *City of Canton, Ohio v. Harris*, 489 U.S. 378, 389 (1989)). Simply naming Craighead County as a defendant and conclusorily pleading the officers acted pursuant to policy is insufficient to meet this burden. Accordingly, Cook's official capacity claims against all Officers Wright and Bradley and his claims against Craighead County are dismissed.

To bring an excessive force claim under 42 U.S.C. § 1983, "[a] pretrial detainee must show . . . the force purposely or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (2015).  The objective reasonableness test "turns on the 'facts and circumstances of each particular case.'" *Id*. at 397 (quoting *Graham v. Connor,* 490 U.S. 386, 396 (1989)). "A court must make this determination from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." Id.  The following factors are considered in applying this standard:  the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting. *Id*.

3

Cook says that he told Wright and Bradley that he had a spinal injury. He also alleges that Wright lifted him in some fashion, exacerbating the injury, and used pepper spray despite Cook already being restrained. For screening purposes only, Cook's excessive force claim brought against Wright in his individual capacity will be served. Cook also alleges Bradley had an opportunity to prevent Wright's actions and to provide him medical care but did not act. Cook's individual-capacity failure-to-intervene claim against Bradley will also be served.

Cook has failed to identify Wright's and Bradley's place of employment and addresses. In order for the Clerk to prepare summonses Cook must furnish these defendants' mailing addresses within thirty days. Once Cook supplies the addresses, the Clerk is directed to prepare the summonses for Wright and Bradley and deliver them along with a copy of the complaint and this order to the U.S. Marshal for service, without requiring prepayment of fees and costs or security.

IT IS SO ORDERED this 29th day of June, 2026

UNITED STATES DISTRICT JUDGE

4